## ESTATE of DANIEL FLECK.

A. F., by his will, bequeathed to his wife the interest on £1500, to be paid to her annually after his decease, for and during her natural life, in a manner directed by the will, and to be enjoyed by her as long as she remained his widow, and at her death to be divided among his children, in equal shares, naming them, *or to their legal representatives.* D. F., one of said children, died before his mother: *Held,* that his widow was entitled to the one-third thereof, as personal assets of the estate of her deceased husband. In an ordinary sense, the words "legal representatives" mean executors or administrators. They are not, in a bequest, words of substitution or limitation, but express the quantity of interest intended to be given to the legatees.

*March* 1. THIS case arose in the Orphans' Court, on exceptions to the report of an auditor.

The facts were these: Adam Fleck, by his last will and testament, bequeathed his property to his children, in various portions, and also made a bequest to his widow, giving to her the lawful interest of £1500, to be paid to her annually after his decease, in a manner directed by the will, during her natural life, so long as she remained his widow.

There was no dispute but that his executors faithfully executed this part of the will. The widow lived until 1844. There was a further provision in the will, that at her decease this sum of £1500 should be divided among all his children, eight in number, *or their legal representatives.*

Daniel Fleck, one of the sons of Adam, who was entitled to a portion of this £1500, died about the year 1832, and before his mother, leaving a widow and eight children.

He also left considerable real and personal estate, which, after his decease, was distributed according to the intestate laws of this Commonwealth. Subsequently, the widow of Adam Fleck died, and the portion which Daniel would have received, had he lived, was paid to his administrator, in pursuance of his father's will, on the decease of his mother, and this sum was assets in his hands for distribution. The children of Daniel claimed the entire sum, amounting to $500, while his widow claimed the one-third. The case was referred to an auditor to make distribution, who awarded to the widow the one-third, and to her children by said Daniel Fleck the remaining two-thirds. To this report the children excepted, and the question presented to the Court for decision was, whether, under the facts disclosed, the widow was entitled to the one-third part of this legacy, which became payable at the death of the widow of Adam Fleck.

This question was argued by *M. W. Ash*, Esq., for the exceptants.

The following opinion was delivered by

KING, President.—Adam Fleck, by his last will, dated April 9th, 1815, made, *inter alia*, the following bequest: " I give and bequeath unto my wife, the lawful interest of the sum of £1500, to be paid to her annually after my decease, for and during the term of her natural life, in such manner as hereinafter directed, to be enjoyed by her as long as she remains my widow." In a subsequent item he directs that this sum of £1500 " shall be, immediately after her decease, paid and divided in equal shares to all his children thereinafter named, *or their legal representatives.*" Daniel Fleck, the decedent, was one of the children of Adam Fleck, and as such was entitled to an eighth part of this sum of £1500 after the death of his mother. Daniel died in November,1832, leaving a widow and eight children, seised and possessed of considerable real and personal estate, which was distributed according to law. The widow of Adam Fleck, the mother of Daniel, died in March, 1844. The sum of $500, being the portion of this £1500 which would have pertained to Daniel, had he survived his mother, has been received by the accountant, who is the administrator of said Daniel. The auditor appointed to settle the account, and make distribution of this fund according to law, has reported a distribution, giving one-third of the money to the widow of Daniel Fleck, and dividing the remaining two-thirds equally among his children. To this distribution the children have excepted, insisting that no part of their father's portion of the £1500, left to secure the annuity to the widow of Adam Fleck, is payable to the widow of Daniel, but that the whole sum is directly and exclusively payable to them, as the only representatives of said Daniel. The bequest of £1500, in equal proportions, after the death of their mother to the children of Adam Fleck, passed a vested interest in this sum, postponed only as to payment; which was not to be made until after the decease of the widow of Adam, who was to enjoy the interest thereof during her life. At the decease of Daniel Fleck, his equal portion of this legacy was part of the assets of his estate, and as such, when received, payable and distributable in like manner as any other part of the same. The bequest is made to the children of Adam Fleck *or* their "legal representatives." The ordinary sense of the words " legal representatives," is, executors or administrators. They are not in this bequest words of

substitution or limitation, but express the quantity of interest intended to be given to the legatees. Such a legacy is like any other item of personal estate belonging to a decedent, which is not available until a postponed period. It passes to the executors or administrators of the legatee at his decease, and, when realized, is applicable by them to general purposes of his other personal estate. It is like a debt owing to him, but not payable until a period more or less remote; which, when paid, is to go in the same course of administration as his assets, immediately available and convertible. The case of Price v. Strange, 6 Mad. Chan. Rep. 104, is directly in point. There the testator directed his executors to sell his real estate, after the death or marriage of his wife, to whom the rents and profits thereof were given until the happening of one of these events; and to divide the proceeds thereof among such of his children as should be then living, " and the legal representatives of him, her, or them, as should then be dead, share and share alike." The master of the rolls, Sir John Leach, held, that this was a vested legacy in the children respectively: that the words " legal representatives," were to be understood, executors or administrators; and that the purchaser of a share belonging to one of the children, who had become bankrupt, at a sale made by his assignee, obtained a good title to the share of such bankrupt legatee.

If the will of Adam Fleck had directed the sum of £1500 to be equally divided among his children, their executors or administrators, at the decease of the annuitant, could it be doubted that the children, at his decease, would have possessed vested interests in their respective proportions of this legacy? The case of Price v. Strange establishes that the words, " legal representatives," when used as here, and not controlled by any different intention collected from the whole instrument, to be equivalent to the words, executors or administrators. A legacy vested in interest but merely postponed as to payment, passes to the executors or administrators of such legatee, in the event of his death before the receipt thereof, in like manner as to all purposes as any other portion of his personalty. The claim, therefore, of the children of Daniel Fleck, to exclude their mother from any portion of the legacy due and payable to him after the decease of his father's widow, cannot be sustained on principle or authority.

The exceptions are dismissed, and the report confirmed.